Howard LIPPINCOTT, Plaintiff-Appellant,

v.

WABASH RAILROAD COMPANY, Defendant-Appellee.

No. 13334.

United States Court of Appeals Seventh Circuit.

Oct. 6, 1961.

Rehearing Denied Nov. 29, 1961.

Appleman, Zimmerly & McKnelly, Champaign, Ill., Robert D. McKnelly, Champaign, Ill., of counsel, for plaintiff.

Ralph J. Swanson, Danville, Ill., Charles P. Lippert, St. Louis Mo., Sebat, Swanson, Banks & Jones, Danville, Ill., John Morton Jones, Danville, Ill., of counsel, for defendant-appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This case is based upon a railroad crossing collision occurring in the Village of Mansfield, Illinois, on January 3, 1958, at approximately 7:25 a. m. Plaintiff was intimately acquainted with defendant's Short Street crossing in Mansfield. He usually traveled the route over Short Street to go to his work. He had crossed at this crossing at least twenty times in the month preceding the collision.

On the day of the collision, plaintiff was traveling easterly on Short Street. As he approached the railroad tracks, he was proceeding at the rate of ten to twelve miles per hour. He first crossed what is known as the house track, and then crossed the passing track. As his automobile reached the main track, he discovered defendant's freight train approaching from the south. The engine of the train was about ten feet distant from plaintiff when he first saw it. The collision followed.

Plaintiff's complaint was originally in two counts, alleging common law negligence. About fourteen months later, plaintiff filed an amended complaint which, for the first time, alleged a violation of Section 73 of the Public Utilities Act of Illinois (Ill.Rev.Stat., 1959, ch. 111⅔, Sec. 77). A month later, a second amended complaint in three counts was filed. Trial was had on the basis of the second amended complaint.

Count 1 alleged certain acts of negligence by defendant including the negligent placing of buildings, fences, telephone poles and other types of equipment and materials on its right of way, thereby creating dangerous obstructions and distractions of the view. The plaintiff charged in paragraph 5D of Count 1 that such placing of buildings and materials did materially obscure the view of approaching trains in violation of Rule 205 of General Order 138 of the Illinois Commerce Commission and Chapter 111⅔, Section 9, of the Illinois Revised Statutes. Count 1 asked damages for personal injuries suffered by plaintiff. Count 2 reiterated the allegations of Count 1 and sought property damages.

Count 3 was based on section 73 of the Public Utilities Act and the alleged failure of defendant to obey Rule 205 of General Order 138 of the Illinois Commerce Commission which provides:

"Every railroad company shall keep its right of way reasonably clear of brush, shrubbery, weeds, trees, crops and other unnecessary obstructions for a distance of at least 500 feet each way from every grade crossing, where such things materially would obstruct the view of approaching trains to travelers on the highway."

Plaintiff alleged Rule 205 was violated by defendant by permitting the building and maintaining of buildings, fences, telephone poles, tanks and other materials on its right of way within 500 feet of the Short Street crossing which materi-

ally obstructed the view of approaching trains. Plaintiff alleged such conditions were knowingly permitted by defendant and therefore demanded both actual and punitive damages.

At the time of the collision, defendant's train was traveling 45 to 50 miles an hour. The train bell was ringing. The headlight was lighted and the oscillating light was operating. The engine, which was fifteen feet high, began to sound its whistle 800 feet from the first crossing into Mansfield, and continued to do so to the time of the collision. Two of plaintiff's witnesses heard the whistle blowing although they were in their respective houses with windows and doors closed.

At Short Street and for a considerable distance each way, the main track, the passing track and the house track run in a northerly-southerly direction and are parallel to each other. The distance from the center line of the main track to the center line of the passing track is 17.1 feet; from the center line of the main track to the house track is 47½ feet, and from the main track to the east edge of the oil tanks mentioned in the complaint, the distance is from 75 to 80 feet.

The oil tanks had been at the same location for eighteen years prior to the date of the accident, and limestone piles which were described, had existed in that location for about fifteen years.

The jury returned a verdict favorable to the defendant. It also answered four interrogatories, two of which had been submitted by plaintiff and two by the defendant. The jury specifically found plaintiff was guilty of contributory negligence which proximately caused his injuries. It also specifically found defendant did not wilfully or knowingly violate Rule 205 of General Order 138 of the Illinois Commerce Commission.

On this appeal, no issue is raised by plaintiff as to the proceedings, verdict or judgment as to Counts 1 and 2 of the complaint. Plaintiff relies only on alleged errors due to the District Court's determination and holding as to the nature of the cause of action stated in Count 3, and instructions with reference to that Count. Plaintiff insists that under Count 3, it is immaterial whether he was guilty of contributory negligence.

Chapter 111⅔, Section 77, Ill.Rev.Stat. (1959) provides:

"In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by the way of punishment. An action to recover for such loss, damage or injury may be brought in any court of competent jurisdiction by any person or corporation.

"In every case of a recovery of damages by any person or corporation under the provision of this section, the plaintiff shall be entitled to a reasonable counsel's or attorney's fee to be fixed by the court, which fee shall be taxed and collected as part of the costs in the case. * * "

Plaintiff's counsel frankly admits that he is asking us to construe a statute of the State of Illinois without the benefit of any decision by an Illinois State Court. He contends, however, that this is a case where this Court should forecast or anticipate what Illinois State Courts would decide when such issue comes before them.

It is understandable why plaintiff claims defendant is liable irrespective of plaintiff's contributory negligence. The jury found that plaintiff was guilty of

contributory negligence. The evidence is overwhelming that such was the case.

Plaintiff over-simplifies the issues before us by insisting we should entirely disregard the jury's verdict as to Counts 1 and 2. In each of these counts plaintiff had alleged defendant was negligent by reason of maintaining material obstacles to the view alleged to violate the Public Utility Act. The jury found for the defendant on this issue, and also found defendant did not violate Rule 205 of General Order 138 of the Illinois Commerce Commission. No exception was taken to these findings. No error is claimed in respect thereto.

■ Plaintiff seems to argue that liability attaches under any and all circumstances if any obstructions exist on the right of way that might affect the view. Rule 205 refers to brush, shrubbery, weeds, trees, crops and other unnecessary obstructions. Assuming telephone poles and piles of limestone and buildings come within such classification, we hold an alleged violation of the statute must be a proximate cause of the injury claimed. It was so held with reference to the Mine Safety Act (Ill.Rev.Stat. (1959), Ch. 93, Sec. 10.07) in Sheppard v. Marquette Third Vein Coal Mining Co., 164 Ill.App. 495.

We have no reason to believe that Illinois courts would hold railroads to be insurers as to all persons injured at railroad crossings where some obstruction to the view may exist on the right of way within 500 feet of a crossing.

■ Plaintiff insists the trial court misconceived the basis for punitive remedy in Section 77, Chapter 111⅔. Assuming the correctness of this contention, it is of no significance in this case, in view of the special finding that defendant was not negligent as to Rule 205, Order 138. Since the defendant was not negligent, there was no basis for punitive damages.

■ Plaintiff alleges various errors in instructions given. He also claims the trial court instructed erroneously as to the principles of law applicable to the claim stated under Count 3 of the complaint.

Among the instructions given, the Court referred to a wilful violation of Rule 205, General Order 138. Insofar as the instruction indicated the statute could not be violated except by wilful conduct, it was not correct. However, considering the instructions as a whole and on the entire record before us, we conclude it was not prejudicial error.

Plaintiff makes other objections as to instructions given. We have considered same but do not find that the trial court committed prejudicial error.

Judgment
Affirmed.