(No. 39045.—

CATERPILLAR TRACTOR Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RALPH TAYLOR, Appellee.)

*Opinion filed May 20, 1965.—Rehearing denied September 27, 1965.*

MILLER, WESTERVELT & JOHNSON, of Peoria, (DAVID A. NICOLL, of counsel,) for appellant.

J. MICHAEL MADDA, of Chicago, (CHARLES WOLFF, of counsel,) for appellee.

DOUGLAS F. STEVENSON, of Chicago, (STEVENSON, CONAGHAN, HACKBERT, ROOKS AND PITTS, and NELSON, BOODELL, FOSTER, SUGRUE & CROWLEY, of counsel,) for *amici curiae* Illinois Manufacturers Association *et al.*

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Caterpillar Tractor Company appeals from a judgment of the circuit court of Will County confirming an award of workmen's compensation to Ralph Taylor, an employee. The sole question is whether the claim was barred by the period of limitation prescribed in the Workmen's Compensation Act.

The injury was sustained on September 23, 1957, when small pieces of steel flew into Taylor's left eye. At that time he went to a specialist to have the metal removed, and

then returned to his job. He lost no time from work. Four years later his eye became blurry. He entered a hospital, where a piece of steel which had apparently been overlooked in 1957 was removed from his eye. He was off work for a period of about four months, and during that time received payments under a group insurance plan covering nonoccupational disabilities.

In July 1962, surgery was performed for removal of cataracts traumatic in origin, and the evidence was sufficient to show a causal connection with the 1957 accident. The award was for loss of use of the left eye, credit being allowed to the employer for the amount of nonoccupational benefits paid in 1962. The correctness of the judgment confirming the award depends upon whether payment of those benefits qualifies to toll the one-year limitation period, within the meaning of section 8(j). Ill. Rev. Stat. 1963, chap. 48, par. 138.8(j).

Under the provisions of section 6(c) (par. 138.6(c)) the right to compensation is barred unless application is filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation where any has been paid. The relevant paragraph of section 8(j) provides however that "In the event the injured employee shall receive benefits, including medical, surgical or hospital benefits under any group plan covering non-occupational disabilities contributed to wholly or partially by the employer, which benefits should not have been payable if any rights of recovery existed under this Act, then such amounts so paid to said employee from any such group plan as shall be consistent with, and limited to, the provisions of Paragraph 2 hereof, shall be credited to or against any compensation payment for temporary total incapacity for work or any medical, surgical or hospital benefits made or to be made under this Act. In such event, the period of time for giving notice of accidental injury and filing application for

adjustment of claim shall not commence to run until the termination of such payments. This paragraph shall not apply to payments made under any group plan which would have been payable irrespective of an accidental injury under this Act. Any employer receiving such credit shall keep such employee safe and harmless from any and all claims or liabilities that may be made against him by reason of having received such payments only to the extent of such credit."

It is not disputed that the payments were made under a group plan such as that described in section 8 and that the application for workmen's compensation was filed within a year after their termination. The company points out, however, that almost five years had elapsed since the date of the injury. It is insisted that any claim for compensation had expired by lapse of time long before payments of group benefits were begun, and that the legislature did not intend by the language of section 8 to revive claims which had already been barred before any benefit payments were received. The argument is that the purpose of the legislation was to prevent an injured employee from becoming confused as to the nature of the payments which he was receiving and thereby failing to file claim within the one-year period prescribed in section 6, but that this purpose has no application where the period has already expired.

Despite the plausibility of the company's argument we find no warrant for its position in the language of the statute. It is true that the presumed policy or purpose of the legislature may well be to restrict the operation of the provision to cases where the one-year period has not yet expired when the payments are begun. But the statute does not say so. Its language is plain that the period for filing claims "shall not commence to run until the termination of such payments."' This all-inclusive language is similar to that in section 6, which says a claim may be made "within 1 year after the date of the last payment of compensation, where any has been paid." (Ill. Rev. Stat. 1963, chap. 48,

par. 138.6.) No decision has been called to our attention construing this in the manner urged by the company here. On the contrary, it has been given effect so as to sustain an application as timely even though the payments relied on to toll the statutory period were not begun until after it had expired. Thus in *United Air Lines, Inc.* v. *Industrial Com.*, 364 Ill. 346, the employee became disabled and ceased work as a result of an injury which he had incurred some sixteen months before. Pursuant to company policy in cases of absence because of illness or injury, the employer paid him his usual wage during his period of unemployment, which lasted about six months. The company moved its shop out of the State about three months after the employee returned to work, and he was discharged. He then filed his application for workmen's compensation. Over the company's contention that the Industrial Commission had no jurisdiction, this court held that the payments were to be construed as payments of compensation and that since application was filed within a year thereafter the requirements of the act were satisfied. No significance was attached to the fact that more than a year had expired before the payments began.

We think a similar conclusion is required in the case at bar. The legislative language is clear and unequivocal, and in such cases the intent must be ascertained from the language itself. There is no room to read into it a qualification or proviso that payments of non-occupational benefits be started within the one-year period prescribed by section 6.

The circuit court properly confirmed the award of the Industrial Commission and its judgment is affirmed.

*Judgment affirmed.*