(No. 43267.–

KELLY SPRINGFIELD TIRE COMPANY *et al.,* Appellants, v. THE INDUSTRIAL COMMISSION *et al.*— (Arlene Coker, Appellee.)

*Opinion filed March 30, 1972.—Rehearing denied May 25, 1972.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (GEORGE W. ANGERSTEIN and CHARLES WOLFF, of counsel), for appellants.

THOMAS G. CRONIN, of Chicago (WILLIAM J. HARTE and ANTHONY J. BOSCO, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Kelly Springfield Tire Company (employer), appeals from a judgment of the circuit court of Cook County

confirming the decision of the Industrial Commission which affirmed the decision of an arbitrator awarding compensation to Arlen Coker. The question presented by this appeal is whether the application for adjustment of claim was timely filed as prescribed by the Workmen's Compensation Act.

The employee sustained an injury to his back on December 13, 1963, while in the course of his employment. He received treatment at a clinic and was off work four or five days. Thereafter, on February 16, 1964, he was admitted to a hospital for treatment and remained as a patient for twenty-two days. Upon his release he stayed at home until March 9, 1964, when he returned to work. He was paid temporary total compensation under the Workmen's Compensation Act for this period. He then worked regularly at his job until September 8, 1965, when he entered a hospital and had surgery performed on his back for the correction of a disc injury. He returned to work in November of 1965. He filed his application for adjustment of claim on January 11, 1966, alleging that he sustained an injury to his back on December 13, 1963.

Article X of the contract between the employer and the union, in force in 1965, provided as follows:

> "In the event an employee is sick, he shall become eligible for sick pay commencing with the 1st day of his illness. Employees with one (1) year or more of service shall be eligible to receive twelve (12) paid sick days. Sick pay shall be accumulative up to thirty-six (36) days in any one year. Employees with less than one (1) year of service shall earn sick pay based on one (1) day for each month of service."

The record reveals that the employee was paid benefits as provided in article X of this contract from the week ending September 5, 1965, through the week ending November 14, 1965, with the exception of some four weeks for which sick pay was not available to him under

the contract. It is the contention of employee that these payments made pursuant to the contract fall within the purview of the language of section 8(j) of the Workmen's Compensation Act (Ill.Rev.Stat. 1965, ch, 48, par. 138.8(j)) which provides in part as follows: "(j) 1. In the event the injured employee receives benefits, including medical, surgical or hospital benefits under any group plan covering non-occupational disabilities contributed to wholly or partially by the employer, which benefits should not have been payable if any rights of recovery existed under this Act, then such amounts so paid to the employee from any such group plan as shall be consistent with, and limited to, the provisions of Paragraph 2 hereof, shall be credited to or against. any compensation payment for temporary total incapacity for work or any medical, surgical or hospital benefits made or to be made under this Act. In such event, the period of time for giving notice of accidental injury and filing application for adjustment of claim shall not commence to run until the termination of such payments. This paragraph shall not apply to payments made under any group plan which would have been payable irrespective of an accidental injury under this Act. Any employer receiving such credit shall keep such employee safe and harmless from any and all claims or liabilities that may be made against him by reason of having received such payments only to the extent of such credit."

The employer asserts that these payments were made to the employee pursuant to a contract between the employer and the union to which the employee was merely a third party beneficiary. It further contends that had it not made these payments it would have been directly liable to the union in a suit on the contract or possibly have faced a strike by the union for failure to fulfill its duty to the employee under the contract.

Both employer and employee cite the case of *International Harvester Co. v. Industrial Com., 410 Ill. 543*. In

that case the employer contributed money to a fund which was used to pay benefits to employees for disabilities which did not arise under the Workmen's Compensation Act. This court determined that payment to an employee from this fund was not such an act on the part of the employer which could be construed as a payment which would toll the period of limitation within which an application for adjustment of claim could be filed. Subsequent to this decision, the General Assembly amended the Act by adding section 8(j) to provide that payments under a group plan would be considered as compensation if (1) the group plan covering nonoccupational disabilities is contributed to wholly or partially by the employer, and (2) the group plan provides that the benefits shall not be payable if any rights of recovery existed under the Act.

An examination of the entire contract between the employer and the union reveals that it does not specifically provide that benefits under the contract would not be payable if any right of recovery exists under the Workmen's Compensation Act. However, the employer at the hearing before the arbitrator called as a witness the person in charge of its payroll department. This witness testified that in the event an employee were injured during the course of his employment with the employer, he would receive the difference between the amount paid him under the Act for a particular day and the full time pay due him by virtue of his job for that day, providing he had accumulated sick-pay days. This testimony contradicts the assertion of the employer that an employee would be entitled to full benefits under both the Act and the contract.

This indicates to this court that the employer in the instant case did take the position that the amounts paid to employee Coker pursuant to article X of the union contract were payments which were to be credited to or against any compensation payment made to Coker under the Workmen's Compensation Act, thereby bringing the

payments within the provisions of section 8(j) and extending the period of time for filing his application for adjustment of claim. In addition, the witness called by the employer at the hearing before the arbitrator stated on cross-examination that the foreman to whom Coker called in and reported sick advised the witness that Coker was out sick "due to what Mr. Coker reported as a previous injury of his back." By these admissions it is clear that the employer was aware of the accidental injury sustained by Coker and the payments made to him under the union contract were not accompanied by a denial of liability under the Workmen's Compensation Act. These facts further strengthen the employee's contention that the payments constituted payments within the provisions of section 8(j). See *Olney Seed Co. v. Industrial Com., 403 Ill. 587.*

Different connotations are placed by employer and employee upon this court's decision in *Caterpillar Tractor Co. v. Industrial Com., 33 Ill.2d 78.* In that case group payments to an employee were commenced four years after an accident and the application for adjustment of claim was thereafter filed within one year of the last group payment. The employer argued that the limitation period had expired one year from the day of the accident and should not be revived by group payments several years later. This court held that the statute clearly provided that the limitations period would not expire until one year after the date of the last compensation payment, which in that case was the group payment made four years after the accident, and that the limitations period had not expired at the time the application was filed.

The employer in our case contends that payments made by it to the employee under the sick-pay plan were payable irrespective of whether the injury was covered by the Workmen's Compensation Act and therefore was not such a group plan as was involved in the *Caterpillar* case. This contention is not sustained by the testimony of its

own witness to the effect that payments under the plan would be the difference between the payments made under the Act and the employee's regular wage. This payment was, therefore, not considered as a payment of an independent obligation, as is asserted by the employer.

Under the facts of this case the findings of the Industrial Commission were not against the manifest weight of the evidence and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*