**Jessie B. Osborne, Plaintiff-Appellant, v. Edward J. Leonard, Defendant-Appellee.**

**Gen. No. M–51,513.**

First Judicial District.

September 19, 1968.

Franz and Franz, and Perry L. Weed, of Crystal Lake (Perry L. Weed, of counsel), and Isadore M. Bernstein, of Chicago, for appellant.

Garbutt & Jacobson, of Chicago (Thomas J. Lee, of counsel), for appellee.

HOFFMAN, J.

This is an appeal by the plaintiff from a verdict in defendant's favor in a suit for personal injuries arising out of an automobile accident. At the close of all the evidence the trial court directed a verdict for plaintiff on the issue of liability. The plaintiff asks that we grant a new trial solely on the issue of damages. There is no cross-appeal.

The plaintiff states that the verdict completely disregards proper elements of damages which she claims were clearly established by the evidence. Plaintiff argues that this resulted from the defendant's attorney's prejudicial and improper conduct, which was so inflammatory and unprofessional as to deny her a fair trial.

The plaintiff contends that the jury was prejudicially influenced by collateral, irrelevant and improper matters injected into the trial by defense counsel. She argues that the defense misused the voir dire examination, injected prejudicial error into the opening statement, persisted in efforts to introduce inadmissible testimony and documents into the trial, and made erroneous, inflammatory and prejudicial statements in the closing argument. It is the plaintiff's position that defense counsel's pattern of misconduct ran throughout the case, and despite plaintiff's many objections (of which she made 64 in the two-day trial) which were repeatedly sustained (54 times) and the conscientious efforts of the trial judge, who admonished defense counsel more than ten times to discontinue his objectionable tactics, the Court could not prevent the prejudicial effect of counsel's misconduct. The plaintiff urges that even though the Court ultimately directed a verdict in favor of plaintiff on the issue of liability, the prejudicial persuasion and innuendoes relative to the facts surrounding liability during every phase of the trial prior to the direction of the verdict, is so interwoven with the issue

of damages and the credibility of the plaintiff and her witnesses as to prevent any cure by the subsequent direction, and that the result was such a deterioration of the judicial process as to require a new trial in the interest of justice. We shall look at the record to review these charges.

Regarding the voir dire examination: Defense counsel persistently and relentlessly referred to specific items of evidence and interrogated upon the law of the case. On the first prospective juror alone, plaintiff's attorney objected seven times to such procedure. Each of these objections was sustained and the Court, on these occasions, admonished defense counsel to discontinue such type of examination. To some jurors defense counsel repeatedly posed specific factual questions (not in any way related to the facts in the case) regarding supposed accidents and injuries. To others he posed remarks concerning injury at the time of the accident, or interrogated through argumentative questions regarding fault, unavoidable accidents, and degree of injury. Despite repeated objections and the Court's admonitions, defense counsel continued such questioning with other prospective jurors. At times he insinuated that plaintiff was uncommonly litigious, made unjustified demands and was a malingerer, and he frequently suggested that plaintiff's counsel was attempting to hide facts and issues through his objections.

The opening statement: During the opening statement defense counsel said: "The police came and investigated the accident. All the people went to the police station for further questioning. The policeman gave no tickets whatsoever." Plaintiff's attorney moved immediately for a mistrial, but it was denied. The Court saying (in chambers), "I think it is improper to make that statement, but I don't think anything would please defense counsel any more than to have a mis-trial."

The presentation of the evidence: During the questioning of defendant's medical witness, a doctor who had treated plaintiff, defense counsel asked the witness if he felt he would be subject to a lawsuit by accusing a patient (the plaintiff) of a falsehood. On many occasions with this witness, despite repeated objections and seven warnings from the Court, counsel asked leading and suggestive questions upon crucial issues in the case. Throughout the presentation of the case, defense counsel persistently referred to inadmissible evidence and made it appear that plaintiff, by his objections, was responsible for keeping the facts from the jury.

Defendant's closing argument: Defense counsel veered from the facts on many occasions and made numerous inflammatory statements. He suggested that a difference between the two parties' testimony meant that one was a liar and perjurer, and stated, "I don't believe that they have proven the defendant or her son to be liars and perjurers." He persisted in such tactics with other witnesses, implying that the jury must be convinced that the defense witnesses were lying or perjuring themselves for the plaintiff to win. Throughout the entire argument there are misleading statements, suggestions of improper conduct not supported by the evidence, inflammatory innuendoes and appeals to sympathy.

The defendant answers plaintiff's contentions by arguing: (1) that the post-trial motion did not specifically and with particularity present defense objections above set forth and, thus, they are waived; (2) that the plaintiff did not preserve the errors by making timely trial objections; and that (3) the errors were not prejudicial because the issue of liability was not presented to the jury.

■ ■ We have read plaintiff's post-trial motion and we find that it indicates the grounds upon which plaintiff relies with sufficient particularity to afford the trial court identity of the error relied upon. It has been held that a post-trial motion need not specify errors in detail to qualify under section 68.1 of the Practice Act. Tabor v. Tazewell Service Co., 18 Ill App2d 593, 153 NE2d 98; Pajak v. Mamsch, 338 Ill App 337, 87 NE2d 147.

■ Regarding defendant's second point, we have referred to the record and we find that plaintiff made numerous timely objections to defendant's activities. Even so, our Supreme Court on numerous occasions has held that where improper evidence is being presented or an argument becomes so prejudiced and unwarranted as to prevent fairness in the trial or brings deterioration upon the judicial process, it becomes the duty of the trial court to correct such activities, whether there is an objection or not. Sommese v. Maling Bros, Inc., 36 Ill2d 263, 222 NE2d 468; City of Chicago v. Pridmore, 12 Ill2d 447, 147 NE2d 54.

■ Defendant's last argument points up the entire problem here. It emphasizes the pattern of misconduct running through the entire case. That there were repeated instances of reversible error, or grounds for mistrial, go without saying. The examination of the jury by defense counsel was an exercise in indoctrination of individual jurors with preeducation as its sole purpose. This was clearly a violation of Supreme Court Rule 234. Christian v. New York Cent. R. R., 28 Ill App2d 57, 170 NE2d 183. The introduction into defendant's opening statement of the fact that the police investigating officer issued no ticket, inferred that defendant was free of guilt. This was most damaging to plaintiff and clear error. Allen v. Yancy, 57 Ill App2d 50, 206 NE2d 452; Giles v. Keunnen, 50 Ill App2d 389,

200 NE2d 143. The continued effort of defense counsel to introduce immaterial evidence which required plaintiff to make innumerable objections, has been held, on many occasions, to be error, because it creates in the juror's mind an impression that an objecting party is attempting to conceal evidence. Paliokaitis v. Checker Taxi Co., 324 Ill App 21, 26, 57 NE2d 216; Owen v. Willett Truck Leasing Corp., 61 Ill App2d 395, 403, 209 NE2d 868; Jacobson v. National Dairy Products Corp., 32 Ill App2d 37, 43, 176 NE2d 551. Defendant's final argument clearly exceeded all bounds. On many occasions it has been held that an attorney, in his final argument, is permitted only to make reasonable comments upon the evidence. Walsh v. Chicago Rys. Co., 303 Ill 339, 135 NE 709; Reinmueller v. Chicago Motor Coach Co., 341 Ill App 178, 93 NE2d 120. When, however, arguments become unreasonable and highly prejudicial in character the rule does not apply, and an indulgence in misleading statements, improper innuendoes and inflammatory remarks requires reversal. Owen v. Willett Truck Leasing Corp., 61 Ill App2d 395, 209 NE2d 868. Bulleri v. Chicago Transit Authority, 41 Ill App2d 95, 190 NE2d 476; Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449; Vujovich v. Chicago Transit Authority, 6 Ill App2d 115, 126 NE2d 731.

■ In our opinion the trial of this case was conducted by defense counsel in such a manner as to create a climate in the courtroom and conditions in the individual jurors' minds which made a fair trial for plaintiff a positive impossibility. The taking of the issue of liability from the jury did not remove this circumstance from the individual jurors' minds, for the persuasions, misstatements, improper emphasis and false arguments and innuendoes were so interwoven with the issue of damages as to prevent a fair trial.

■ It is the province and duty of the courts to see that every litigant has a fair trial. In the instant

case we believe that plaintiff was denied this right. Accordingly, the judgment appealed from is reversed, and, because the defendant took no cross-appeal, the cause is remanded for a new trial on the issue of damages only.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.