Elaine Havlovic, Plaintiff-Appellant, *v.* Michael J. Scilingo, Defendant-Appellee.

(No. 54185;

First District—September 20, 1972.

*Rehearing denied November 1, 1972.*

Arthur S. Gomberg and Eugene Propp, both of Chicago, (Samuel Nineberg, of counsel,) for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal by plaintiff from the judgment on a verdict finding defendant not guilty in an automobile intersection collision. Plaintiff raises the following issues on appeal:

(1) Whether the verdict was against the manifest weight of the evidence;

(2) Whether the court erred in giving defendant's special interrogatory to the jury;

(3) Whether the court erred in its instructions to the jury;

(4) Whether the court erred in permitting defense counsel to elicit and to argue that plaintiff's automobile did not have seat belts; and

(5) Whether defense counsel was guilty of improper and prejudicial conduct.

The facts are as follows:

On December 2, 1963, at approximately 7:45 P.M., defendant, Michael Scilingo was proceeding southward in the far eastern lane of Harlem Avenue near 40th Street in Lyons, Illinois. Defendant was driving a 1961 Thunderbird. It was snowing and the pavement was slick. Defendant had his windshield wipers operating and the headlights of his automobile were on. As defendant approached the intersection of Harlem Avenue and 40th Street, he noticed that plaintiff, Elaine Havlovic had stopped her 1963 Ford auto in the inner northbound lane of Harlem Avenue in preparation for a left turn to the west onto 40th Street. Traffic on Harlem Avenue was medium and traffic conditions caused a slow speed of movement. The posted speed limits on Harlem Avenue in the area in question was 35 miles per hour. Defendant was traveling approximately 20 miles per hour.

When defendant was some 55 to 70 feet from plaintiff's auto, he noticed that plaintiff was making her left turn across the path of defendant's northbound vehicle. When defendant saw plaintiff's car beginning to turn in front of him, he began pumping his brakes because of the slick road conditions. Defendant's car did not respond and the front of defendant's vehicle struck the right door of plaintiff's car causing damage to the right side of plaintiff's car and a small dent to the bumper of defendant's car. Plaintiff testified that she never saw defendant's vehicle.

Plaintiff, who was six-months pregnant at the time of the accident, became hysterical and was taken to the hospital, but was released that evening. She saw her family physician the next day and complained of injuries to her back and abdomen and severe headaches. The doctor saw plaintiff again on December 30, 1963, and she reported that her back and

leg were all right. Her child was born with no particular problems on March 8, 1964.

On December 29, 1964, plaintiff complained of severe pain down the back of her left leg and was treated by a physician. The pain subsided, but returned some months later and plaintiff subsequently underwent surgery for a herniated spinal disc. Plaintiff later required an additional disc operation and treatment for certain complications of the surgery. Plaintiff sued for damages incurred by her as a result of the accident on December 2, 1963, alleging that her later injuries resulted from the accident which she contended was caused solely by the negligence of the defendant. Plaintiff appeals from a jury verdict and judgment finding defendant not guilty.

■■ Plaintiff's initial contention on appeal is that the verdict for defendant was against the manifest weight of the evidence. Plaintiff in the instant case, admitted that she began to turn left slowly across the northbound lanes of Harlem Avenue without ever seeing the defendant's auto. Defendant testified that the pavement was slick and when defendant saw plaintiff beginning to turn directly in front of him he attempted to stop but was unable to and subsequently struck her.

In *Pozdro v. Dynowski*, 83 Ill.App.2d 79, 226 N.E.2d 377, this court considered a factual situation similar to the case at bar and held:

> "It was within the province of the jury, under the facts and circumstances of this case, to decide whether the defendant was negligent. We cannot say, as we must, to reverse a verdict of a jury on disputed factual testimony, that an opposite conclusion is clearly evident, plain and indisputable. *Lowe v. Gray*, 39 Ill.App. 2d 345, 188 N.E.2d 890. A court of review must take into consideration not only the verdict of the jury, but also the fact that the trial judge who also saw and heard the witnesses and argument of plaintiff's attorney denied the plaintiff's post-trial motions. *Vasic v. Chicago Transit Authority*, 33 Ill.App.2d 11, 180 N.E.2d 347."

After careful examination of the record, and in light of the fact that the trial court denied plaintiff's post-trial motions, we are unable to find that the verdict in the instant case was against the manifest weight of the evidence.

Plaintiff next contends that the trial court erred in giving defendant's special interrogatory to the jury. The interrogatory asked:

> "Was the plaintiff, Elaine Havlovic, at and immediately prior to the collision in question guilty of any contributory negligence which contributed to or was a proximate cause of her injuries? Yes_____ No_____."

Plaintiff contends that use of the word "or" creates two distinct and severable propositions, *i.e.* negligence by plaintiff which contributed to her injuries and negligence by plaintiff which was a proximate cause of her injuries. Plaintiff maintains that the jury would be improperly influenced to find defendant not guilty if they found either of the propositions when only the latter of them mentions proximate cause.

■■ Special interrogatories must be tendered, objected to, ruled upon, and submitted to the jury just as instructions are. (Ill. Rev. Stat. 1969, ch. 110, par. 65.) It is well settled that to preserve an objection to an instruction or interrogatory upon review, the grounds for the objection must have been specifically raised in the trial court, so that the trial court could be advised of the specific nature of the objection before ruling. Supreme Court Rule 239(b), Ill. Rev. Stat. 1969, ch. 110A, par. 239(b); *Delany v. Badame*, 49 Ill.2d 168, 274 N.E.2d 353; *O'Neil v. Montalbano*, 3 Ill.App.3d 414, 279 N.E.2d 467.

■■ At the conference on instructions in the instant case, counsel for plaintiff objected to the special interrogatory by stating, "I object to the giving of Defendant's Special Interrogatory as being improper in language and the Court is giving it over my objection." Counsel did not state any specific grounds for an objection to the interrogatory at trial and he is precluded from objecting to the interrogatory on appeal. Moreover, in the case at bar, plaintiff's instruction defining contributory negligence was given including the requirement of proximate cause. When the special interrogatory is viewed together with all the other instructions given and the evidence in this case, we do not find that the jury was confused by the interrogatory to the detriment of plaintiff. *Bruske v. Arnold*, 44 Ill.2d 132, 44 Ill.2d 132, 254 N.E.2d 453, *cert.* denied, 398 U.S. 905.

■■ Plaintiff's next contention is that the trial court erred in instructing the jury on inferences that could be drawn from the violation of a statute, and in the giving of a circumstantial evidence instruction. The court gave an instruction which provided:

> "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:
>
> 'The driver of a vehicle within an intersection intending to run to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this Act may make such left turn and the drivers of all other vehicles approaching the intersection from

said opposite direction shall yield the right-of-way to the vehicle making the left turn.'

If you decide that a party violated the statute on the occasion in question, then you may consider that fact with all the other facts and circumstances in evidence in determining whether or not a party was negligent, or contributorily negligent, before and at the time of the occurrence."

Plaintiff urges that the use of the language "or contributorily negligent" is error in that it repetitiously singles out the plaintiff after the court had already stated the respective duties of each party, and cites *Randal v. Deka*, 10 Ill.App.2d 10, 134 N.E. 36, in support of her contention.

In *Randal v. Deka, supra*, the Appellate Court reversed a judgment for defendant in a personal injury case. But the court found in that case that of the 19 instructions given by the trial court at the request of the defendant, eight concluded with "you should find the defendant not guilty" or similar language. Other instructions contained statements to the effect that under certain circumstances plaintiff could not recover and seven instructions concerned the contributory negligence of the plaintiff. The court merely concluded that under the facts and circumstances of that case the repetition of instructions emphasizing the duties of only one side was so great as to possibly influence the jury that the court favored one party and thus was error. That is not the case before us where plaintiff only questions one phrase in one instruction. We find no prejudice in the instruction given.

■■ Plaintiff also contends that the giving of a circumstantial evidence instruction was improper. The instruction in the precise language of I.P.I. No. 1.03 stated:

"A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved."

This circumstantial evidence instruction is proper whenever there is circumstantial evidence in the record. *Branch v. Woulfe*, 300 Ill.App. 472, 21 N.E.2d 148.

■■ In the case at bar, the police officer at the accident scene testified as to the location of debris from the accident. The location of the debris was circumstantial evidence of the point of impact. Counsel for plaintiff pointed out another instance of circumstantial evidence in the case when he attempted to show the speed of defendant's vehicle by the distance plaintiff's car was moved by the impact. He argued:

"And because he said he was going twenty miles an hour, you can

take into consideration the circumstantial evidence in this case that would a car going just twenty miles an hour move another passenger car that distance."

We find the instruction given on circumstantial evidence was proper in the instant case.

■■ Plaintiff next contends that defense counsel was improperly allowed to question witnesses and argue about seat belts in plaintiff's automobile, when there was no statute requiring such belts at the time of the accident. Defense counsel asked plaintiff, her mother, and her husband if there were seat belts in plaintiff's car. Defense counsel in his closing argument made brief reference to the fact that plaintiff stated there were no seat belts in the car at the time of the accident and that plaintiff's husband stated that there were seat belts in the car when in referring to the credibility of plaintiff he stated:

"Well, let's examine the evidence on that? Mrs. Havlovic was, I thought remarkable on how certain she was. You remember that the husband and wife couldn't agree on the seat belt situation, couldn't agree on that and they really didn't know much about it at all. No word about the defrosters, heaters, I suggest an awful lot of unsaid evidence in this case has come out, but the one thing she is really certain about is that the accident happened on 40th Street."

The record indicates that seat belts were mentioned in the instant case only in reference to the credibility of the witnesses. No instruction on the use of seat belts was ever tendered and no attempt to relate them to liability was made. See *Hale v. Cravens,* 129 Ill.App.2d 466, 263 N.E.2d 593.) In the instant case, the trial court did not err in allowing the questions concerning seat belts and in allowing the brief mention of seat belts in defendant's closing argument.

■■ Plaintiff's final contention on appeal is that the closing argument of defendant's counsel was improper and prejudicial. In his closing argument, defense counsel suggested that the injuries plaintiff suffered in the instant case, much after the accident occurred, were wholly uncorrelated to the accident. Defense counsel then analogized to a situation where there was a lawsuit concerning a moderate accident with moderate damages and during the pendency of that suit the plaintiff developed eye trouble, and her counsel said "* * * don't worry we'll throw that in * * *." Plaintiff's objection to that analogy was overruled, and defense counsel proceeded: "* * * don't worry, we will throw that in, the cataracts. A little later on, a few more years go by and we get a little bit of liver trouble, don't worry, we are going to throw that in." At this point, however, the court sustained plaintiff's objection to the analogy.

Plaintiff contends that notwithstanding the sustaining of her objection, she was so prejudiced that she could no longer receive a fair trial.

Plaintiff, in her post trial motion, raised objection to defense counsel's analogy in closing argument, and that motion was denied by the trial court. The Appellate Court in *Enloe v. Kirkwood,* 120 Ill.App.2d 117, 256 N.E.2d 459, stated:

> "The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in *Belfield v. Coop,* 8 Ill.2d 293, 134 N.E.2d 249, 58 A.L.R.2d 1008. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion vested in him. *North Chicago St. R. Co. v. Cotton,* 140 Ill. 486, 29 N.E. 899. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court, is therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. *City of Chicago v. Chicago Title & Trust Co.,* 331 Ill. 322, 163 N.E. 17."

After careful examination of the record in the instant case, we do not find that defense counsel's closing argument was so improper and prejudicial as to require reversal.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.