DAVID BARTHEL *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.

Fourth District   No. 13945

Opinion filed December 22, 1977.—Rehearing denied January 31, 1978.

Thomas F. Londrigan and Roger E. Ryan, both of Londrigan & Potter, P. C., of Springfield, for appellants David Barthel and Helen Hammond.

Michael J. Costello, of Springfield, for appellants Scott West and Herbert Rigney.

Nils Olsen, of Olsen & Olsen, of Springfield, for appellant Katherine L. Robinson.

Robert E. Gillespie, of Gillespie, Cadigan & Gillespie, P. C., of Springfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This case arises out of a collision between an automobile and a freight train of the Illinois Central Gulf Railroad Company in the City of Springfield on November 22, 1969, at approximately 3:15 a.m. The automobile was being driven by Robert Crifasi and contained five passengers: John Wallace, David Barthel, Scott West, Herbert Rigney and Frank Robinson. Robert Crifasi, the driver, Frank Robinson and John Wallace, passengers, were killed in the accident. The other passengers suffered injuries.

A variety of lawsuits ensued. Crifasi's administrator sued the railroad. The surviving passengers and the administrators of the two deceased passengers sued the railroad and Crifasi's administrator. All suits were consolidated for trial. For convenience and clarity in this opinion, the surviving passengers and the administrators of the deceased passengers will be referred to as "plaintiffs" and the defendant Illinois Central Gulf Railroad Company as "defendant."

A two-week jury trial was had and the jury returned verdicts in favor of plaintiffs and against driver-Crifasi's administrator in varying amounts. These verdicts are not in question in this appeal. The jury likewise returned a verdict in favor of defendant and against Crifasi's administrator and this verdict is not in question here.

What is in question here is the action of the trial court in dismissing before trial certain additional counts in their complaints brought by plaintiffs against defendant. These counts were based on section 73 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111 2/3, par. 77) and were filed shortly before trial. Other counts in the complaints sounded in ordinary negligence and wilful and wanton misconduct.

Section 73 reads as follows:

"In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, such public utility shall be liable to the

persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by the way of punishment." Ill. Rev. Stat. 1969, ch. 111 2/3, par. 77.

Plaintiffs elected to stand on their amendments and the question has been properly preserved for review. The trial proceeded on negligence and wilful and wanton theories only with the results described above. In addition to those verdicts (not in issue here) the jury returned a verdict in favor of defendant and against plaintiffs on their negligence and wilful and wanton counts. According to the prayer in plaintiffs' brief, they do not seek a new trial on these counts.

The sole issue, then, before this court is the propriety of the trial court's action in striking the counts based on section 73. Plaintiffs have raised several other issues which we shall discuss briefly later on, but we believe that the view we take on this principal issue will be dispositive of them.

The trial court's fundamental reason for dismissing the section 73 counts was the absence of any allegation of due care or freedom from contributory wilful and wanton misconduct on the part of the plaintiffs. Plaintiffs' contention is that such an allegation is unnecessary since section 73 creates a statutory liability distinct from the common law and free from common law defenses.

The precise point has not been passed upon by the Illinois courts so far as we have been able to determine. Two Illinois cases have dealt indirectly with the proposition and one Federal case has met it head on.

*Milford Canning Co. v. Central Illinois Public Service Co.* (1963), 39 Ill. App. 2d 258, 188 N.E.2d 397, turned on the question of a jury instruction. Plaintiff had sued in one count on section 73 and the court gave what the appellate court called a "peremptory" instruction which in effect directed a verdict for the plaintiff if plaintiff proved a statutory violation which resulted in damage. The appellate court reversed, saying:

"[T]he instruction in question completely omits the requirement of proving due care, negligence and proximate cause and *constitutes a complete departure from the allegations of plaintiff's complaint and the theory upon which the case was tried.*" (Emphasis added.) 39 Ill. App. 2d 258, 265, 188 N.E.2d 397, 400-01.

It is thus apparent that in *Milford,* unlike the instant case, due care was alleged by the plaintiff and the *Milford* court was not dealing with an absence of allegation but a failure of the instruction to follow the pleadings and the proof. However, the court did assume that such allegations were proper; it said that plaintiff's "due care" was an "essential element," but was not called upon to decide the matter directly.

In *Churchill v. Norfolk & Western Ry. Co.* (1977), 46 Ill. App. 3d 781,

362 N.E.2d 356, this court was called upon to adjudicate an injury case based in part on section 73. As in *Milford,* the question of plaintiff's due care and freedom from contributory wilful and wanton misconduct was not directly in issue, but in passing the court commented on it by saying:

"It is nonetheless a jury question to determine the existence or nonexistence of contributory negligence and contributory wilful and wanton conduct on the part of the decedent." 46 Ill. App. 3d 781, 791, 362 N.E.2d 356.

*Churchill* turned basically on questions of the standing of the plaintiff and the relationship of compensatory and punitive damages under the Wrongful Death Act vis-a-vis the Public Utilities Act, but as indicated by the quotation above, this court clearly felt that plaintiff's conduct was an issue to be pleaded and proved.

The Federal case is *Rucker v. Wabash R.R. Co.* (7th Cir. 1969), 418 F.2d 146. The remarks of the trial court indicate that he was relying heavily on *Rucker* in making his ruling. There the question at hand was squarely presented, the court saying:

"Plaintiffs, however, wish us to go further and establish strict liability for violation of the Commission's rules and orders. This we decline to do. Our decision in *Lippincott v. Wabash Railroad Co.,* 295 F.2d 577, 580 (7th Cir. 1961), expressly eschewed the notion that this Section (*i.e.,* 73) was intended to make the railroads the 'insurers as to all persons injured at railroad crossings where some obstruction to the view may exist on the right of way within 500 feet of a crossing.' "

We are aware of the rules governing the interpretation of Illinois law by a Federal court; notwithstanding, we find the rationale of *Rucker* persuasive.

This court held in *Churchill* that the right of action given under section 73 "is by its clear and unambiguous language an independent cause of action* * *. It is a free-standing, independent cause of action that could properly be asserted by the plaintiff in this case." 46 Ill. App. 3d 781, 789, 362 N.E.2d 356.

The rule in Illinois is that statutes in derogation of the common law are to be strictly construed. In *Summers v. Summers* (1968), 40 Ill. 2d 338, 239 N.E.2d 795, the supreme court was called upon to construe the Illinois guest statute, specifically as to whether an "owner-occupant" was a "guest" within the meaning of the statute. At page 342, the court said:

"It is evident that our guest statute, originally enacted in 1931, is in derogation of pre-existing common law in that it places a limitation on common-law rights of recovery.* * * It is equally evident that this statute in its present form does not expressly apply to an owner-occupant of an automobile being driven by another;

therefore, in absence of a finding of legislative intent to the contrary, our rule of construction requires the holding that an owner-occupant is not subject to the limitations of the guest statute." 40 Ill. 2d 338, 342-43, 329 N.E.2d 795.

Similarly, in *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562, the supreme court construed the teacher tenure law saying:
"A statute creating a new liability must be strictly construed in favor of persons sought to be subjected to its operation. [Citation.] 'If a statute creates a liability where none would otherwise exist, or increases a common law liability, it will be strictly construed* * *. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provisions of the Act.' (Sutherland on Statutory Construction, p. 472, par. 371.) The Teacher Tenure Law clearly creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law, where otherwise none would exist." 390 Ill. 412, 422, 61 N.E.2d 562.

■■ Quite clearly, in the case at bar, the statute "increases a common law liability" in the words of the *Anderson* court. Under ordinary circumstances, violation of a rule or regulation would be only *prima facie* evidence of negligence. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) But section 73 enlarges and increases such potential for liability into action standing on its own, "independent and freestanding," in the words of *Churchill.*

■■ We are therefore persuaded that section 73 is one of the types of statutes which must be strictly construed and we find no legislative intent upon a plain reading of the statute that it sounds in strict liability. Even the verbiage, while somewhat loose, reflects traditional negligence concepts: "shall do or cause to be done," "shall omit to do," "shall be liable." The ancient negligence formula is duty of defendant plus breach of duty plus proximate cause plus damage plus plaintiff's due care equals liability. Section 73 affects only one of these elements, *viz.,* breach of duty. In all other respects the section 73 action bears a striking resemblance to its ancestor in direct line of ascent, negligence.

We are aware that certain other statutes, such as the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135 *et seq.*) and the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60 *et seq.*), as examples, have received liberal construction by the courts. However, such statutes erected an entire new edifice of liability with particular sets of facts directed at specific evils sought to be remedied. Each is *sui generis.* The section 73 action is basically a remodeling project and is *eius generis.*

■■ We also deem it significant that the legislature has made no change in section 73 since its original enactment in 1921. The supreme court has

held that a legislative amendment to a statute following its construction by a court indicates that the construction was not in accord with legislative intent. (*Bruni v. Department of Registration & Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37, *cert. denied* (1975), 421 U.S. 914, 43 L. Ed. 2d 780, 95 S. Ct. 1573.) The converse is likewise true: inaction by the legislature following a judicial construction presumptively indicates that the construction was in accord with the intent. *Rucker* was decided in 1969; *Milford* in 1963; adequate time has elapsed for the legislature to make whatever changes it felt appropriate and it has not.

■■ We therefore hold that plaintiffs' freedom from contributory negligence and/or freedom from contributory wilful and wanton misconduct is a necessary element to be pleaded and proved in a section 73 action.

Plaintiffs raise several other issues before this court arising out of the conduct of the trial. As we have pointed out previously, plaintiffs' prayer in their brief before this court asks only for "a new trial on the plaintiffs' statutory counts (*i.e.*, section 73)." Since the result of the trial on the common law counts is not being appealed, we fail to see how these matters have much significance. Nonetheless, we shall deal with them briefly.

Plaintiffs complain of certain argument by defense counsel in opening and closing, specifically with reference to plaintiffs' due care and to drinking. Suffice it to say, plaintiffs' due care was an issue on the common law counts, and a careful reading of the record reveals that any reference to drinking related to the driver, Crifasi, who is not a party to this appeal. However much plaintiffs may wish it so, their due care was not eliminated from the lawsuit under either theory. No error occurred.

■■ Plaintiffs also complain of the refusal of the trial court to give a special interrogatory tendered by them. Summarized, the interrogatory asked whether three specific acts, presumably those of the defendant although defendant is not mentioned, "proximately contributed" to the injuries. Initially we note that the trial court was correct in refusing the interrogatory under section 65 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 65) because it was evidentiary in nature and could not control a general verdict. It appears to be another effort by plaintiffs to find a statutory violation under counts which had already been dismissed.

The action of the trial court in dismissing the counts under section 73 was correct and it is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.