ROBERT D. MATHIS, JR., Plaintiff-Appellant, *v.* BURLINGTON NORTHERN, INC., Defendant-Appellee.

Fifth District   No. 76-508

Opinion filed December 29, 1978.

G. MORAN, P.J., dissenting.

Rex Carr and David J. Letvin, both of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellant.

Karl D. Dexheimer, of Pope and Driemeyer, of Belleville, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

A jury in the circuit court of St. Clair County awarded a general verdict to the plaintiff, Mathis, in the amount of $183,000 and answered a special interrogatory finding the plaintiff guilty of contributory negligence. The trial court entered judgment for the defendant, Burlington Northern, Inc., and it is from that judgment that the plaintiff appeals.

The plaintiff was involved in a collision with the defendant's train on August 29, 1973. The plaintiff was traveling eastbound on Belknap Road and struck the defendant's southbound train at the intersection of Belknap Road and the north/south Burlington Northern tracks. Trees 25 to 30 feet tall lined the railroad track on either side of the crossing. Approximately 150 feet west of the crossing, the plaintiff saw the train and applied his brakes, leaving skid marks of 92 to 110 feet until the collision occurred. His vehicle struck the train approximately 10 to 12 feet from the front of the engine.

The plaintiff sustained multiple fractures and a cerebral contusion. Various surgery was needed and testimony was illicited that further surgery may be necessary and that the plaintiff would suffer permanent physical and mental injuries as a result of the collision.

The plaintiff alleges three grounds for reversal. He first argues that the court below erred in allowing the special interrogatory answered by the jury to overrule the general verdict rendered by the jury. His contention is that the defense of contributory negligence is not available to a defendant who is sued for injuries resulting from an act or an omission of a duty required by the Public Utilities Act, or an order, rule or regulation promulgated thereunder. We decline to decide this issue for the reason that the plaintiff has failed to preserve that issue for review.

There is no dispute that the plaintiff did not object, at the trial nor at the instructions conference, to the tendering of the special interrogatory on the question of contributory negligence. He here urges that no objection was made because the special interrogatory was proper as it related to the plaintiff's first cause of action, which was based on simple negligence. However, the record is clear that no limiting instruction was requested by the plaintiff.

■■ The failure to specifically object to an instruction to be given by the court to the jury, and to renew that objection in a post-trial motion constitutes a waiver of the right to appeal on the ground of erroneous instruction. (*Boone v. Baker* (1972), 9 Ill. App. 3d 508, 292 N.E.2d 461.) This mode of preserving error applies also to special interrogatories. *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918, 289 N.E.2d 79.

The plaintiff alleges that in his post-trial motion, he indicated the error involved with the special interrogatory and thus, preserved his right

to raise the issue on appeal. The pertinent portion of the post-trial motion is, as follows:

"* * * that the court erred in entering judgment on the jury's answer to the Special Interrogatory, such answer being contrary to the manifest weight of the evidence and not being controlling upon the issues herein."

The purpose of an objection made at trial, the instructions conference, or at a post-trial motion, is to apprise the trial judge of the specific ground of error alleged. Such objection must be made "with sufficient particularity to afford the trial court identity of the error relied upon." *Osborne v. Leonard* (1968), 99 Ill. App. 2d 391, 240 N.E.2d 769.

The failure to specifically set forth the error alleged in a special instruction with sufficient clarity to identify such issue to the trial court constitutes a waiver of objections to said special instructions. *Baldwin v. Huffman Towing Co.* (1977), 51 Ill. App. 3d 861, 366 N.E.2d 980.

■■ It has previously been held that the statement that instructions "fail to state the law" is insufficient to adequately specify the error to the trial judge, and the objection to said instruction is deemed waived. *People v. Turner* (1976), 35 Ill. App. 3d 550, 342 N.E.2d 158.

■■ Although the plaintiff urges that no objection was made because the special instruction was applicable to his first cause of action, no request or attempt to limit the applicability of that special instruction was tendered by the plaintiff. There was no request for limitation, and no objection was made at either the trial court or the instructions conference. Given these facts, the general allegation in the post-trial motion was far from sufficient to apprise the trial judge that the plaintiff felt that the interrogatory regarding contributory negligence did not apply to a cause of action based on a violation of an order of the Commerce Commission made pursuant to the Public Utilities Act. There was no reasonable way that the trial judge should have known the nature of the objection the plaintiff is making, and therefore, we do not decide that point.

We reiterate that we are not making any judgments on the merits of the plaintiff's argument that contributory negligence is not a defense to an action based on a violation of the Public Utilties Act or order thereunder. See *Barthel v. Illinois Central Gulf R.R. Co.* (1977), 55 Ill. App. 3d 816, 371 N.E.2d 311, *aff'd* (1978), 74 Ill. 2d 213, 384 N.E.2d 323.

The plaintiff next alleges that the trial court erred in directing a verdict in favor of the defendant on the plaintiff's claim for punitive damages due to a willful violation on the defendant's part of Rule 205 of the Commerce Commission's General Order 138. Said order provides:

"Every railroad company shall keep its rights-of-way reasonably clear of brush, shrubbery, trees, weeds, crops, and other unnecessary obstructions for a distance of at least 500 feet each

way from every grade crossing where such things materially would obscure the view of approaching trains to travelers on the highway."

Section 73 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 77) provides that should injury occur as a result of a public utility's violation of the Public Utilities Act or a Commerce Commission order, the utility shall be liable for compensatory damages. And should the violation be willful, then punitive damages may be awarded. *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929; *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919.

It is not disputed here that there were trees and shrubbery within 500 feet of the crossing at Belknap Road and the railroad tracks, nor that the Public Utility defendant had a duty under the order to keep said crossings clear.

■ The general test to be applied by the trial court in awarding a directed verdict is set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504. Such case states:

"In our judgment verdicts ought to be directed and judgment *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The term "willful" entails an intentional disregard of the safety of others, and the absence of care for the life and property of others, which exhibit a conscious indifference to the consequences of the action or inaction of a defendant. *Spring v. Toledo, Peoria & Western R.R. Co.* (1976), 44 Ill. App. 3d 3, 357 N.E.2d 1330.

■■ The pleadings and the evidence before the court could lead the jury to the reasonable conclusion that the railroad neglected to care for the condition of the area surrounding the crossing in question here. However, this fact does not give rise to a claim that such action was willful on the part of the defendant. The simple fact of alleging that action or inaction was willful, when the facts show only neglect, and not intent to inflict injury, or a callous disregard of whether injury will occur, will not give rise to a claim for punitive damages on willful misconduct. (*Ingram v. New York Central R.R. Co.* (1961), 30 Ill. App. 2d 455, 175 N.E.2d 129.) The evidence, when viewed in a light most favorable to the plaintiff, does not show a willful act or omission on the part of the defendant, and the court did not err in directing a verdict on that count of plaintiff's complaint. See *Robertson v. New York Central R.R. Co.* (1944), 388 Ill. 580, 58 N.E.2d 527; *Kitchell v. Chicago & Illinois Midland Ry. Co.* (1936), 285 Ill. App. 368, 2 N.E.2d 164.

We note two recent cases decided by our supreme court in which the

court upheld a jury's finding of a wilful violation of Rule 205. Each case involved a train-automobile collision resulting from an unnecessary obstruction near a railroad crossing which materially obscured approaching trains from the view of travelers on the highway. In *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929, the obstruction consisted of a line of boxcars stored on sidetracks near the crossing. Wilfulness was shown by evidence that on prior occasions the defendant railroad received repeated complaints by local officials and citizens warning that the boxcars obstructed a proper view of the tracks. Further, there was evidence of previous accidents which had occurred at the same crossing under similar conditions. In *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919, the obstruction consisted of trees, shrubbery and a house on the defendant railroad's right-of-way near the crossing. The defendant did not dispute the jury's finding that the violation was wilful. However, the court, in finding that the amount of punitive damages awarded was not excessive, noted that the evidence presented showed that the volume of traffic traversing the crossing was high and that prior, similar accidents had occurred at the same crossing. Thus, in *Churchill* and in *National Bank* the evidence of prior complaints or of prior accidents of a similar nature led to the inference that the railroad previously knew of the dangerous condition but had done nothing about it in conscious disregard for public safety.

We find the instant case to be factually distinguishable· from· *Churchill* and *National Bank* in that here no evidence of prior complaints, prior accidents or otherwise was presented from which wilfulness could be inferred.

The plaintiff next alleges that the jury's finding, in answer to the special interrogatory, that the plaintiff was guilty of contributory negligence, was against the manifest weight of the evidence, and therefore the trial court erred in either not setting that answer aside and granting judgment to the plaintiff or granting a new trial.

The applicable statute relating to general and special verdicts is section 65 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 65), which in pertinent part reads, as follows:

> "When the special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court may render judgment accordingly."

The jury awarded judgment to the plaintiff in its general verdict, and answered in the affirmative the special interrogatory which asked whether the plaintiff was guilty of contributory negligence. The trial court was bound by the jury's answer to the special interrogatory unless it was not supported by any evidence or unless it was against the manifest weight of

the evidence. *Todd v. Borowski* (1960), 25 Ill. App. 2d 367, 166 N.E.2d 296; *Beverly Bank v. Penn Central Co.* (1974), 21 Ill. App. 3d 77, 315 N.E.2d 110.

There was evidence before the jury that the plaintiff was familiar with the crossing in question and had crossed it hundreds of times. He knew of the condition of the crossing and that the trees and shrubs surrounding the crossing impeded vision of the crossing. There was evidence that the plaintiff failed to slow down as he approached the crossing, that he failed to look north or south along the track, and failed to heed a whistle signal given at the required time. Such evidence, while some of it was disputed, was sufficient for the jury to make a finding of contributory negligence. Reasonable men could conclude that ordinary care on the part of the plaintiff would have avoided the accident. There was competent evidence to support the jury's answer to the special interrogatory. We find no merit in plaintiff's complaint regarding the given instructions.

Plaintiff's other allegations of error are based on decisions of the judge below which are left to the discretion of the trial judge. We have reviewed the plaintiff's contentions and find no abuse of the trial judge's discretion.

There being no prejudicial error below, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

KUNCE, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, dissenting:

In my opinion the special interrogatory could not control the verdict on count III of plaintiff's complaint and therefore as to that count the special interrogatory is void and of no effect. This defect does not have to be objected to either in the trial court or in a post-trial motion in order for us to notice it, because it is fundamental error going to the essence of the case. Fundamental error is error apparent on the face of the record which does not require an examination and weighing of the evidence. Since this error is an error of law apparent on the face of the record, we should notice it even though it may not have been objected to at the trial court level. The plaintiff in his post-trial motion stated that this interrogatory was not controlling upon the issues. Although this contention could have been more artfully drawn, I believe it is sufficient to preserve this point.

I also believe that *Spring v. Toledo, Peoria & Western R.R. Co.* (1976), 44 Ill. App. 3d 3, 357 N.E.2d 1330, holds contrary to the majority opinion on the issue of whether the trial court was correct in directing a

verdict on the asserted willful violation of Rule 205 of the Commerce Commission's General Order 138. In relying on the *Spring* case, the majority quotes the *Spring* case as saying

"The term 'willful' entails an intentional disregard of the safety of others, and the absence of care for the life and property of others, which exhibit a conscious indifference to the consequences of the action or inaction of a defendant." (Emphasis added.)

The word "and" should be "or"— a big difference.

The majority is also in conflict with *Churchill v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 127, 383 N.E.2d 929, and *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919.