THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellant, *v.* J. H. LARANCE, Defendant-Appellee.

Fifth District    No. 80-433

Opinion filed February 24, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

PER CURIAM: On May 9, 1980, the Attorney General filed a complaint in the Circuit Court of Jackson County which alleged that defendant, J. H. Larance, committed certain acts which violated section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1977, ch. 121½, par. 262) and the Motor Vehicle Information and Cost Savings Act (15 U.S.C. §1981 *et seq.* (1976)). The acts complained of were that defendant sold his automobile and informed the purchaser that the odometer represented the actual mileage of the automobile. Actually, the automobile had been driven 100,000 more miles than was represented on the odometer.

After a trial before the Circuit Court of Jackson County sitting without a jury, the court found that the defendant knowingly and materially suppressed the truth on his vehicle when he traded it in as a low mileage vehicle and that defendant's vehicle had 100,000 miles more than the amount he stated in his oral statements and on his odometer mileage statement. The court ruled that the Motor Vehicle Information and Cost Savings Act (15 U.S.C. §1981 *et seq.*) and the "Odometer Disclosure Requirements" (49 CFR 580.4) did not apply to this case as interstate commerce was not involved. The court further ruled that the Illinois Fraud and Deceptive Practices Act (Ill. Rev. Stat. 1977, ch. 121½, par. 261 *et seq.*) did not apply to this case, because the Illinois acts deal with sales by a business person or merchant and defendant is not such a person.

The Attorney General has appealed to this court. Defendant has failed to file a brief in this court; however, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we have decided this appeal on its merits.

The basic Congressional intent of subchapter IV, odometer requirements of the Motor Vehicle Information and Cost Savings Act, is set forth in the first section of the subchapter, 15 U.S.C. §1981. (*Delay v. Hearn Ford* (D.S.C. 1974), 373 F. Supp. 791.) 15 U.S.C. §1981 provides:

"The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish

certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers."

The law provides, in 15 U.S.C. §1988(b), that "It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules." Both the language of the statute and its history show that it has one purpose: to enable the purchaser of a motor vehicle to know how many miles the vehicle has traveled, as a guide to its safety, reliability and value. Every person purchasing an automobile must be given a written statement of the vehicle's mileage if it is known. (*Ryan v. Edwards* (4th Cir. 1979), 592 F.2d 756.) The statute does not limit the application of the law to any transferor who places a motor vehicle in interstate commerce but refers to any transferor. In order to strengthen enforcement of the Act, 15 U.S.C. §1990a provides for State enforcement in State courts of the provisions of subchapter IV by the chief law enforcement officer of the State. 15 U.S.C. §1991 provides that subchapter IV does not (1) annul or alter any State laws with respect to the disconnecting, altering or tampering with the intent to defraud, or (2) exempt any person subject to the provisions of this subchapter from complying with such laws, except to the extent that those laws are inconsistent with any provision of subchapter IV, and then only to the extent of the inconsistency. Nothing in the Act limits the applicability to interstate sales. The express Congressional intent combined with the broad definition of those liable leads us to the conclusion that subchapter IV of the Act applies to intrastate sales as well as interstate sales. Further, courts have not hesitated to exercise jurisdiction to consider the act where the sales were intrastate. (*Birdwell v. Hartsville Motors, Inc.* (M.D. Tenn. 1975), 404 F. Supp. 625; *Rider Oldsmobile, Inc. v. Wright* (M.D. Pa. 1976), 415 F. Supp. 258.) Therefore, the cause is remanded to the Circuit Court of Jackson County to determine the amount of damages under 15 U.S.C. §1989.

■■ ■ The Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1977, ch. 121½, par. 261 *et seq.*) (the Act) provides, in part:

> "An Act to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce and to give the Attorney General certain powers and duties for the enforcement thereof.
>
> §1. * * *
>
> (b) The term 'merchandise' includes any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services;

(c) The term 'person' includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof;

* * *

(e) The term 'consumer' means any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household;

(f) The term 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

§2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

The cardinal rule of all statutory construction is that the true intent and meaning of the legislature must be ascertained and given effect. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) The best indication of the intent of the legislature is the language the legislators voted to adopt. (*Coryn v. City of Moline* (1978), 71 Ill. 2d 194, 374 N.E.2d 211.) The clear and unambiguous language of the statute expresses the legislative intent. (*Caterpillar Tractor Co. v. Industrial Com.* (1965), 33 Ill. 2d 78, 210 N.E.2d 215; *In re Tingle* (1977), 52 Ill. App. 3d 251, 367 N.E.2d 287.) Section 1(c) of the Act, which defines "person" does not limit that definition to merchant or businessmen, nor does section 2 of the Act limit unfair practices to those performed by businessmen and merchants. In 1973, the Act underwent numerous revisions. Prior to 1973, the preamble stated "An Act to protect consumers and borrowers * * *." After the amendment, the preamble states "An Act to protect consumers and bor-

rowers and businessmen * * *." In 1973, the terms "trade" and "commerce" were defined in section 1(f) of the Act. For the foregoing reasons, we conclude that defendant is not exempt from complying with the Act, and the cause is remanded to the Circuit Court of Jackson County for determination of damages under the Illinois Consumer Fraud Act.

Finding that oral argument would be of no assistance to the court in reaching its conclusion, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (73 Ill. 2d R. 352(a)), and we reverse the judgment of the Circuit Court of Jackson County and remand for further proceeding consistent with this opinion.

Reversed and remanded with directions.

JONES and HARRISON, JJ., took no part in the consideration or decision of this case.