654

ALEJANDRO BOGATYREW *et al.*, Plaintiffs-Appellants, *v.* ERIC WACHTER, Defendant-Appellee.

First District (3rd Division)   No. 77-345

Opinion filed May 9, 1979.

William J. Harte, Ltd., for appellants.

Dent, Hampton & McNeela (Delbert T. Been, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Alejandro Bogatyrew and Rosemarie Thier, sought damages from the defendant, Eric Wachter, for personal injuries received as a result of his alleged negligence in an auto accident. A jury in the circuit court of Cook County returned a verdict in the defendant's favor and by a special interrogatory found that Bogatyrew was contributorily negligent. On appeal, Bogatyrew and Thier assert that the verdict was against the manifest weight of the evidence and that it was a result of an inflammatory closing argument by the defendant's attorney.

Bogatyrew and Thier testified that on September 6, 1971, at about 6 p.m., with Thier as a passenger, Bogatyrew drove his Volkswagen north on Wells Street in Chicago, Illinois. The inner two lanes of that street run beneath elevated train tracks, with girders from the tracks on either side of them. There are two narrow outside lanes running from the girders to the curb of the street. On that evening the traffic was light. Bogatyrew and Thier said that when they were a block south of the intersection of Lake and Wells they saw the defendant's car at that intersection, facing south on Wells, waiting at a stop light. The car had its left indicator on, signaling a turn east on to Lake Street. Bogatyrew testified that they were about one-half block from the intersection when the traffic light turned green, but the car at Lake did not move. According to Bogatyrew and Thier only when their Volkswagen, traveling at a speed of 15 miles per hour, entered the intersection did the defendant's car begin to turn. Bogatyrew said he tried to halt the Volkswagen when he saw the car turn in front of him but could not. The Volkswagen struck the right rear panel of the turning car and was severely damaged. Both Bogatyrew and Thier claim they suffered injuries as a result of the collision. Bogatyrew specifically alleges that he developed epilepsy because of it.

The defendant testified that just before the accident he drove south on Wells and stopped his car at the red light at Lake. Intending to go east on Lake, he had activated the car's left turn signal. He looked for cars coming toward him, but did not see any. He said he started his turn immediately after the light changed to green. After almost completing the turn, with his car actually facing east on Lake Street, he saw Bogatyrew's car out of the corner of his eye as it struck the right rear portion of his car.

From the impact he estimated Bogatyrew to be traveling at a rate of 35 to 40 miles per hour.

Bogatyrew and Thier argue the jury's verdict is against the manifest weight of the evidence. They suggest the evidence shows that the defendant was negligent because he did not keep a reasonable lookout and that this failure caused the accident. They contend that the defendant's testimony that he did not see any cars coming toward him admits the negligence because it was clear from the record that their Volkswagen had to be visible to him before he made his turn. They rely on *Payne v. Kingsley* (1965), 59 Ill. App. 2d 245, 250, 207 N.E.2d 177, 179, which states:

> "It is well settled that one may not look with an unseeing eye and be absolved of the charge of negligence by asserting that he maintained a continuous lookout, yet failed to see that which he clearly should have seen."

■■ In order to reverse the jury's verdict as against the manifest weight of the evidence we must be able to say that a conclusion opposite to the verdict is clearly evident. (*Pozdro v. Dynowski* (1967), 83 Ill. App. 2d 79, 226 N.E.2d 377.) However, an analysis demonstrates that the evidence can be interpreted to support the verdict. The jury could consider the physical condition of the street, with the elevated tracks over it and the girders lining it, and the evidence indicating the speed of the automobile and conclude that the defendant was not negligent in failing to see the Volkswagen before it struck him.

The municipal code of the City of Chicago states that a vehicle within an intersection, turning left, must yield the right of way to any car approaching from the opposite direction, if that car is "within the intersection or so close thereto as to constitute an immediate hazard * * *." (Chicago, Ill., Municipal Code 1971, par. 27—214(d).) Bogatyrew and Thier argue that when the defendant made his turn they were so close to the intersection as to constitute an "immediate hazard," giving them the right of way. They cite several cases which they allege concern comparable fact situations where drivers who failed to yield the right of way were found to be negligent. See, *e.g., Kosowski v. McDonald Elevator Co.* (1962), 33 Ill. App. 2d 386, 179 N.E.2d 469; *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918, 289 N.E.2d 79.

■■ Auto accidents rarely lend themselves to *per se* rules or easily applied formulas for evaluating the standard of care to be exercised by a driver. (*Pennington v. McLean* (1959), 16 Ill. 2d 577, 583, 158 N.E.2d 624, 627.) The jury's evaluation of the evidence and determination of who had the right of way, weighing the relative speed and distances of the vehicles, should not be lightly overturned. (*Conner v. McGrew* (1961), 32 Ill. App. 2d 214, 177 N.E.2d 417.) The facts in those cases cited by Bogatyrew and

Thier, although similar, are not identical to the case at bar. Weather conditions, the density of traffic, the type of road and the positions of the various vehicles all differ enough from this case to distinguish those situations from it.

From the testimony at trial the jury could have inferred that when the defendant started his turn Bogatyrew's Volkswagen was far enough away from the intersection that the act of turning was reasonable, giving the defendant, not Bogatyrew, the right of way. Both Bogatyrew and Thier testified that they were one-half block away from the intersection when the stop light turned green. The defendant testified that he immediately turned upon the change of the stop light. The defendant's car was damaged in the rear and from that it can be inferred that he had almost finished his turn when the accident occurred. Such inferences are reasonable and certainly support the verdict that Bogatyrew did not have the right of way and that the defendant's actions did not proximately cause the accident.

In his closing argument, the defendant's attorney suggested that if Bogatyrew was epileptic he should not be allowed to drive a car and he implied that Bogatyrew did not inform the State driver's licensing authority of the epileptic condition when obtaining a driver's license. No objection was made at trial to this argument. Bogatyrew and Thier now contend that these remarks were not based on the evidence and caused the jury to render the verdict based on passion and prejudice.

In this case, both the severity of Bogatyrew's injury and his credibility were at issue, making the comments arguably relevant. In light of these issues we do not find the comments so reprehensible as to necessitate the intervention by the trial court in the absence of an objection. The failure to object to the remarks at trial therefore waived this alleged error and we cannot consider the contentions on appeal. See *Anderson v. Universal Delta* (1967), 90 Ill. App. 2d 105, 234 N.E.2d 21.

For the reasons discussed above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.