SAMPSON STEWART, Plaintiff-Appellant, v. JUAN ALVAREZ, Defendant-Appellee.

First District (5th Division)   No. 1—87—1443

Opinion filed April 21, 1989.

James R. Vassilos & Associates, of Chicago, for appellant.

Gerald J. Shine and James F. Flanagan, both of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Sampson Stewart, a Chicago Transit Authority (CTA) bus operator, filed an action against defendant, Juan Alvarez, for injuries sustained when plaintiff's CTA bus collided with defendant's automobile. Following a jury trial, judgment was awarded to defendant. Plaintiff appealed, and we now affirm.

It is undisputed that, at approximately noon on August 29, 1978, plaintiff's northbound CTA bus struck defendant's automobile at the intersection of Halsted and 39th Streets in Chicago. The accident occurred when defendant, traveling south on Halsted Street, attempted to complete a left turn, east, onto 39th Street, across the path of the CTA bus.

At trial, plaintiff testified that defendant caused the collision when he "darted out in front" of the bus. The impact in turn caused a "pin" in the operator's seat to "slip out." Plaintiff was injured when the seat collapsed. Plaintiff testified that the pin had never fallen out of the seat in the past, but he had heard of it happening to other drivers. He admitted that the pin could fall out from normal wear and tear and that the bus he drove that day was not new.

Defendant testified that he proceeded into the intersection, stopped, and waited to turn left with his directional signals indicating that intent. The collision occurred when, as defendant began to make the turn, he stopped again for a pedestrian. Defendant admitted that while nothing prevented him from seeing the pedestrian, he could not identify her.

Plaintiff denied seeing the pedestrian.

OPINION

We consider, in turn, each of the points raised by plaintiff on appeal.

Plaintiff first raises four issues regarding examination of the venire. Plaintiff initially contends the court improperly limited the questioning of two veniremen. In one instance, the court precluded plaintiff's counsel from asking a venireman whether he received insurance proceeds in conjunction with a traffic accident claim. In the other instance, the court admonished counsel against asking a venireman whether he would be willing to stay for the duration of the trial. Second, plaintiff contends defendant's counsel's remark during *voir dire* that the jury alone decided the fairness of a doctor's bill, if submitted as evidence, was improper as implying the jury was free to reject properly admitted exhibits. Third, plaintiff states the court improperly interjected remarks during plaintiff's counsel's questioning

of two viremen. Specifically, after plaintiff's counsel asked whether the viremen could give a "substantial award" if the case was proved, the court cautioned that awards must be supported by evidence. Finally, plaintiff argues that it was improper to permit, as a juror, an individual who was a party to a child support matter pending in the circuit court.

■ Generally, Supreme Court Rule 234 permits trial courts broad discretion in conducting *voir dire* proceedings, and a verdict may be successfully challenged on appeal only where abuse of that discretion precludes an impartial jury. (107 Ill. 2d R. 234; *Kingston v. Turner* (1987), 115 Ill. 2d 445, 505 N.E.2d 320.) After considering each of the above contentions, we do not agree that any abuse of discretion occurred below.

■ First, the court's preclusion of plaintiff's counsel's irrelevant questions concerning insurance or willingness to sit through a lengthy trial was unquestionably within the trial court's discretion. Second, as to defendant's counsel's remark concerning the jury's consideration of the fairness of a hypothetical doctor's bill, the record discloses that the court immediately clarified counsel by telling the panel that if such a bill was paid and admitted as evidence, it would speak for itself. The record further reflects that the court's interjections related to evidentiary support for awards, rather than improper, were necessitated by plaintiff's counsel's emphasis regarding the amount of potential award. Last, we need not consider the merits of the argument that one juror was involved in a pending matter as the record reveals that, knowing of that fact, no objection was raised by plaintiff's counsel. See *Kingston*, 115 Ill. 2d 445, 505 N.E.2d 320.

Plaintiff's next contentions relate to plaintiff's counsel's questioning of defendant as an adverse witness.

Soon after questioning began, the court interrupted the examination to remind the jurors that they were permitted to take notes during testimony. Plaintiff argues that interruption was prejudicial.

Plaintiff also contends the court committed error in ruling on two objections during defendant's testimony. Plaintiff first draws attention to questions regarding the elapsed time between defendant's stop for the pedestrian and the collision. The following testimony is relevant:

"Q. Would it be correct to say that it could have been probably less than a second between the time that you turned and stopped and the impact with the bus?

A. I cannot answer that.

Q. Okay. Have you ever given a contrary statement than that you could not answer that?

A. No.

Q. Let me refresh your recollection. Do you recall being in January 15 [*sic*] of this year in the office of the attorney who is hired to represent you, do you recall being at his office?

A. Yes.

\* \* \*

Q. And do you recall at that time being asked this question: 'And how much time went by between the second time you stopped and the time the bus that [*sic*] hit you?'

\*\*\*

Q. And do you recall the interpreter saying, 'Don't remember'?

A. Yes.

Q. Then do you recall another question: 'Could it have been less than a second?' And the answer 'probably'[?]

A. Yes.''

The court stated that the above did not constitute successful impeachment of defendant. Plaintiff contends that ruling was erroneous.

Plaintiff further asserts the court committed prejudicial error in sustaining an objection to counsel's question as to whether defendant was familiar with law prohibiting left turns in front of oncoming traffic.

■■ ■ We find no merit to any of the above arguments. The record indicates no prejudicial effect from the court's comments regarding note taking by the jury. Further, we agree with the trial court that defendant's deposition and trial testimony were not inconsistent concerning the elapsed time between defendant's stop and the collision. In his deposition, defendant initially answered he could not remember how much time elapsed and answered "probably" only in response to further speculation as to whether it "could" have been less than a second. At trial, when asked again how much time elapsed, defendant repeated his same initial response that he was unable to give an answer. We consider defendant's testimony substantially consistent. Moreover, even if such constituted successful impeachment, that fact affords no reason to disturb the judgment below, as impeachment relates solely to witness credibility, a matter resolved exclusively by the jury. (See *Perkins v. Culver* (1971), 131 Ill. App. 2d 881, 269 N.E.2d 333.) Finally, the trial court properly sustained objection to the question implying an absolute prohibition on left turns in front of oncoming traffic as such left turns are obviously proper where they can be completed safely. See Ill. Rev. Stat. 1985, ch. 95½, par. 11—902.

■ Plaintiff next argues the trial court abused its discretion in permitting defendant's counsel to impeach plaintiff's testimony regarding two collateral matters: the number of passengers on the bus at the time of the collision and who drove plaintiff to the hospital after the accident.

We decline to consider the merits of that argument because, even if we determine that counsel's cross-examination included impeachment relating to collateral matters, after reviewing the record in its entirety, we cannot conclude that such questioning was harmful or provides a basis for reversal. See *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 469 N.E.2d 708.

■ Plaintiff also contends the trial court erred in permitting defendant's counsel to ask plaintiff whether the driver's seat pin could slip out because of wear and tear. Plaintiff argues that that question required scientific knowledge beyond the scope of plaintiff's knowledge as an occurrence witness.

We do not agree. After carefully reviewing plaintiff's testimony, we conclude that, rather than requiring special knowledge, the question required plaintiff only to relate his general observation of the pin mechanism from his perspective as an experienced bus operator. See *Baggett v. Ashland Oil & Refining Co.* (1968), 92 Ill. App. 2d 433, 236 N.E.2d 243.

■ Plaintiff further complains that the trial court improperly permitted defendant's counsel on cross-examination to engage in argumentative questioning and improperly encouraged speculation.

Specifically, counsel questioned plaintiff as to releases plaintiff received from doctors allowing him to return to work. Plaintiff stated he was initially given a release from Dr. Rabin and, according to CTA policy, showed that release to a CTA physician. However, plaintiff did not then return to work. Plaintiff did return after he later obtained a second release from Dr. Wright, whom plaintiff had been referred to by a friend. When plaintiff was asked whether he returned to work based on the second release, plaintiff's counsel objected. Defendant's counsel explained to the court that he was attempting to ascertain why plaintiff elected to return to work after the second, rather than the first, release.

After reviewing the above testimony, we do not agree that counsel's questioning was argumentative or otherwise improper. First, plaintiff admitted that he did not return to work after obtaining the initial release. Counsel's inquiry as to why plaintiff returned to work after obtaining a second release was a direct and limited inquiry, not a speculative question as to the thoughts of another individual nor, as

the record shows, was the inquiry argumentative.

■ Plaintiff also contends allowance of cross-examination by defense counsel regarding a collateral source of income was improper. However, we decline to address that issue here as we need not consider the propriety of testimony related to damages because we find reason to affirm the judgment below for defendant.

■ Plaintiff argues the trial court improperly instructed the jury on impeachment by prior inconsistent statements by reading Illinois Pattern Jury Instruction 3.01 (Illinois Pattern Jury Instructions, Civil, No. 3.01 (2d ed. 1971)). The instruction given provides in pertinent part:

> "[C]redibility of the witness may be attacked by introducing evidence that on some former occasion the witness acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues."

Plaintiff argues that the instruction was improper because the inconsistencies related to plaintiff's statements, not conduct. Plaintiff also argues that the instruction was improper because the inconsistencies concerned collateral matters immaterial to the issues.

The record reflects, however, that the above instruction, as given, was tendered by plaintiff and, therefore, we determine plaintiff thereby waived challenge to the giving of that instruction here.

Plaintiff also raises two contentions related to defendant's counsel's closing argument. Plaintiff argues that the trial court abused its discretion in denying a motion to preclude counsel's comments regarding whether the bus operator's seat collapsed, as testified to by plaintiff. Plaintiff also argues that certain of counsel's comments made in closing were prejudicial.

■ The character and scope of argument to the jury is left largely to the trial court, and every reasonable presumption must be indulged in that the court performed that duty in the proper exercise of discretion. (*Mohler v. Blanchette* (1982), 106 Ill. App. 3d 545, 435 N.E.2d 1161.) After carefully reviewing counsel's closing comments in the context of the above general proposition and plaintiff's contentions, we cannot conclude that any abuse of discretion occurred. First, plaintiff's motion to prohibit counsel's comments with reference to the collapse of the bus operator's seat was properly denied. It was plaintiff's position at trial that the collapse of the seat was the cause of plaintiff's injury. Comment on evidence pertaining to that issue was therefore proper. Further, denial of the motion at the outset of defendant's counsel's closing comments did not preclude later objection to improper comments related to that evidence if such were actu-

ally made by counsel. Moreover, with the exception of one comment, which counsel promptly withdrew, plaintiff failed at trial to object to any of counsel's closing comments now asserted as prejudicial. We conclude that the failure to object to the allegedly improper remarks constitutes waiver thereof, and, after reviewing counsel's comments, we cannot conclude those comments were so prejudicial as to deteriorate the judicial process or were of such character as to deprive plaintiff of a fair trial. See *Terracina v. Castelli* (1979), 80 Ill. App. 3d 475, 400 N.E.2d 27.

■ Last, plaintiff argues that the verdict was against the manifest weight of the evidence. Plaintiff's argument, however, is based solely on the same assertions of error we have above determined to be meritless. Even so, we do not agree that the verdict was against the manifest weight of the evidence. At best, only conflicting evidence was presented at trial. As such, no basis exists to disturb the verdict given that evaluation of the evidence is within the province of the jury's determination and because we conclude evidence existed to support the jury's conclusion. *Bogatyrew v. Wachter* (1979), 71 Ill. App. 3d 654, 390 N.E.2d 435.

For the above reasons, we affirm the judgment of the circuit court.

Affirmed.

MURRAY, P.J., and PINCHAM, J., concur.